*E-Filed 6/26/12*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DEBRA BRAY, | No. C 12-2520 RS (PR) |
| Plaintiff, | **ORDER OF DISMISSAL** |
| v. | |
| JOHN DOE, | |
| Defendant. | |

This is a federal civil rights action filed pursuant to 42 U.S.C. § 1983 by a *pro se* state prisoner. By order of the Court, plaintiff was granted 30 days (1) to file a complete application to proceed *in forma pauperis* ("IFP"), or (2) to pay the filing fee of $350.00, or face dismissal of the action. Plaintiff was also ordered to file a complaint. More than 30 days have passed since the order was filed, and plaintiff has not filed a complete IFP application or a complaint, nor paid the filing fee. Accordingly, the action is DISMISSED without prejudice. Any motion to reopen the action **must** contain (1) a complete IFP application or payment for the entire filing fee of $350.00, **and** (2) a complaint. Plaintiff's motion for an extension of time (Docket No. 4) is DENIED.

A statement in plaintiff's motion suggests that she has not exhausted her administrative remedies. Plaintiff is reminded that she must exhaust all such remedies before filing suit. Prisoners must properly exhaust their administrative remedies before filing suit in federal court. "No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is mandatory and is no longer left to the discretion of the district court. *Woodford v. Ngo*, 548 U.S. 81, 84 (2006) (citing *Booth v. Churner*, 532 U.S. 731, 739 (2001)). To exhaust properly administrative remedies in California state prisons, inmates must proceed through a four-step process, which consists of (1) an informal attempt at resolution; (2) a first-level formal appeal; (3) a second-level appeal to the institution head; and (4) an appeal to the Director of the California Department of Corrections and Rehabilitation. *See* 15 Cal. Code Regs. § 3084.5. If plaintiff moves to reopen, she must show that she has exhausted all these procedures. The Clerk shall enter judgment in favor of defendant, terminate Docket No. 4, and close the file.

**IT IS SO ORDERED**.

DATED: June 26, 2012

RICHARD SEEBORG
United States District Judge